UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AUSTIN ALLEN HALL,

    *Plaintiff*,                               CASE NO. 15-cv-13831

v.

LUECIA HOUSE,                   DISTRICT JUDGE THOMAS L. LUDINGTON
SALLY E. SCHMITZER,        MAGISTRATE JUDGE PATRICIA T. MORRIS
AUSTIN HALL,
PUMAL INSURANCE COMPANY,
BEHAVERAL ARENAC BEHAVERIOL HEALTH,
B.A.B.H.,
and CATHOLIC FAMILY SERVESES,

    *Defendants*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the case be **DISMISSED** *sua sponte* against all defendants, because Plaintiff has failed to state a claim upon which relief can be granted.

**II.**     **REPORT**

    **A.**     **Introduction**

On October 29, 2015, Plaintiff Austin Allen Hall III, filed this *pro se* Complaint *in forma pauperis* ("IFP"). (Doc. 1). Hall's complaint asserts that defendants Luecia House, Behaveral [sic] Arenac Behaveriol [sic] Health ("BABH"), Sally E. Schmitzer,

Austin Hall, and Pumal Insurance Company committed various wrongs: he asserts that "Luecia House does not leave me alone at Drs visits;" "BABH will not give me on there [sic] letter head a good report;" Sally Schmitzer "is or has bought a mortgage in my name;" and that some defendant has caused "lack of control over my general person and repeadedly [sic] getting stole from I.E. identity." (*Id*. at 1-2). On an attached page, Hall alleges "Austin Hall my father repeadedly [sic] buy's [sic] property in my name / or that I'm cosigning. Rumal insurance co. has paid my father an insuance [sic], claim 14,000 he my father cashed in on it when it was my policy." (*Id*. at 4).

As to relief, Hall demands "BattRB [sic] get from ayo [sic], 1 2014 through present i.e. when 1,017 + cohas [sic] rumah reamberse [sic] me? Austin Allen Hall III 14,000 my father to not have present property that was bought with this money and credit to C.E.O. of [illegible] socl [sic] secutiy [sic] reinstated 1,036." (Doc. 1 at 2-3). Under additional information, Hall wrote "my friends were not my friends?" (*Id*. at 3). On his Civil Cover Sheet, Hall asserts that this Court has federal question jurisdiction, and that the nature of the suit is an insurance contract dispute. (*Id*. at Civil Cover Sheet).

On November 6, 2015, Hall filed an amendment to his complaint (Doc. 6). In that amendment, which does not replicate the allegations in his original complaint, Hall asserts that "Cathlic [sic] Family Servveses [sic] . . . as still stealing my disability if they could. and as much, as I try Bethaney Webbers eye's [sic] look like this $$." (*Id*.). Hall also asserts that he "would like to emancepate [sic] [him]self from all services. And or family'es [sic]," and that "they reaplyd [sic] me for social security when it was, in a frozen state by me!" (*Id*.).

2

This matter is before the undersigned magistrate judge pursuant to an order of reference entered on November 5, 2015. (Doc. 4).

### B. IFP Screening and Subject Matter Jurisdiction Standards

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it dismiss *sua sponte* a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When determining whether a complaint states a claim for relief, the court accepts factual allegations as true; this presumption of

truth does not apply to allegations which are "threadbare" or "implausible," nor does it apply to "legal conclusions." *Iqbal*, 556 U.S. at 678.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Additionally, federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction occurs pursuant to Rule 12(b)(1).

There are two ways this Court can obtain subject matter jurisdiction: first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. Dismissal *sua sponte* for lack of subject matter jurisdiction is appropriate where a complaint's allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (same).

### C. Analysis

An amended complaint supplants all prior complaints; consequently, Hall's amended complaint filed on November 6, 2015, and is thus the only operative complaint. *See Parks v. Federal Express Corp.*, 1 F. App'x. 273, 277 (6th Cir.2001). However, given Hall's *pro se* status and the incomplete nature of his amended complaint, the Court will liberally interpret his amended complaint in conjunction with his original complaint. *See Hahn*, 190 F.3d at 715.

Hall has failed to state a claim upon which relief can be granted. Each of Hall's claims is comprised of an accusation of wrongful conduct without any factual support or asserted cause of action which would render those claims plausible; this sort of threadbare, "the-defendant-unlawfully-harmed-me accusation" is insufficient state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. Hall has not made sufficient allegations regarding the time, place, or manner in which any defendant harmed him, nor has he described with specificity the manners in which he was allegedly harmed.

Hall's assertions that Luecia House "does not leave [him] alone at Drs visits;" that BABH will not "give [him] . . . a good report;" that Schmitzer purchased a mortgage in his name; that his father has purchased property in his name; and that Rumal Insurance Company has improperly paid Hall's father for claims which were due to Hall, are not supported by any attached documentation, nor do they assert any cognizable legal claim. (Doc. 1 at 1-4).

Further, even assuming that Hall's allegations were adequately asserted and supported by factual allegations, the Court is unaware of any "right, privilege or immunity secured by the Constitution that was violated" by the alleged acts, thus Hall has failed to state a claim for relief. *Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991); *Johnson-Bey v. Brentwal LLC*, No. 4:06-CV-67, 2007 WL 2021861, at *2 (W.D. Mich. July 6, 2007) (noting that, even when considering *pro se* drafted complaints, courts are not obliged to "scour the pleadings and find a cause of action where none exists."). Hall's claims that an unstated defendant has caused a "lack of control over [his] general person," that he was "repeatedly getting stole [sic] from I.E. identity," and that "they reaplyd [sic] me for social security when it was, in a frozen state by me!" are insufficient to state a claim for relief because they do not identify which defendant perpetrated which act nor do they state a plausible claim. (Doc. 1 at 2, Doc. 6). *See Zellmer v. United States*, No. 06-CV-13171, 2006 WL 2975501, at *2 (E.D. Mich. Oct. 17, 2006) (dismissing a *pro se* complaint in which the plaintiff failed to specify which defendant committed which act). Finally, Hall's claims that "Cathlic [sic] Family Servveses [sic] . . . as still stealing my disability if they could," and that "as much, as I try Bethaney Webbers eye's

[sic] look like this $$" are factually unsupported, implausible, and "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). The Court thus finds that Hall's allegations are insufficient to state a claim upon which relief can be granted, and his complaint should thus be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

The Court also finds that Hall has failed to make any assertions which would grant the Court subject matter jurisdiction to hear his claims. Hall does not reference any constitutional rights, nor any statute whatsoever in his complaints, nor does he assert that the Court possesses diversity jurisdiction. A review of Hall's allegations shows that, even when liberally construed, no cognizable claim can be found which would grant this Court subject matter jurisdiction. The Court thus lacks jurisdiction to hear Hall's claims, and, in the alternative, should be dismissed on this ground. *See Stubl v. Place*, No. 2:07-CV-204, 2008 WL 1732948, at *1 (W.D. Mich. Apr. 10, 2008) (dismissing a complaint for lack of subject matter jurisdiction where the plaintiff "failed to identify a constitutional or federal right allegedly infringed by Defendant."); *McPherson v. Schempp Realty Mgmt.*, No. CIV.A. 3:05CV169H, 2005 WL 1429841, at *3 (W.D. Ky. June 16, 2005) (same).

### D. Conclusion

For the reasons stated above, the Court recommends that Hall's original and purported amended complaint (Doc. 1, 6) should be **DISMISSED** *sua sponte* against all defendants pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and in the alternative should be dismissed for lack of subject matter jurisdiction to Fed. R. Civ. P. 12(b)(1).

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 16, 2015                    S/ Patricia T. Morris
                                            Patricia T. Morris
                                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Austin Allen Hall at 316 Fitzhugh, Bay City, MI 48708.

Date: November 16, 2015                     By s/Kristen Krawczyk
                                            Case Manager to Magistrate Judge Morris